## MARRE v. THE STATE.

1. CRIMINAL LAW: *Sabbath-breaking: Keeping saloons open.*
   One keeping a saloon open on Sunday is guilty of Sabbath-breaking, whether he is the owner or proprietor, or not. If a clerk or servant, serving in it as such, when the door is open, he is a participant in the offense.

2. SAME: *Proof of time.*
   It is necessary to prove the offense on some Sabbath within twelve months before the prosecutions, but proof of any particular Sabbath is not necessary.

3. CRIMINAL PLEADING: *None before justices of the peace.*
   No written information or pleadings are required in prosecutions before a justice's court, and if, on appeal from his judgment, a defendant goes to trial in the circuit court, without the affidavit specifying the charge against him, he can not object that there are no specified charges against him. He should have a rule upon the justice, before trial, to amend his transcript by sending up the affidavits.

4. CRIMINAL PRACTICE: *Appeals from justices of the peace.*

On criminal appeal from a justice's court the defendant can be tried in the circuit court only for the same offense for which he was tried by the justice.

APPEAL from *Pulaski* Circuit Court.
Hon. J. W. MARTIN, Circuit Judge.

*E. H. Kimball*, for appellant:
There was no *written* affidavit, and no crime charged with sufficient certainty.

*C. B. Moore, Attorney General,* for the state:
Argued upon the transcript and evidence.

ENGLISH, C. J.   The appellant, Angelo Marre, was prosecuted, convicted, and fined $10, before Justice Howe, of Little Rock, for Sabbath-breaking; appealed to the circuit court of Pulaski county, where he was again tried by jury; found guilty; fined $10; filed motions in arrest of judgment, and for a new trial, which were overruled, and he took a bill of exceptions, and appealed to this court.

The transcript of Justice Howe, filed in the circuit court, on appeal to that court, shows, that on the ninth of June, 1879, Thomas C. Trimble, prosecuting attorney, appeared before him, and, by affidavit, charged Angelo Marre with the crime of Sabbath-breaking; whereupon a warrant was issued for his arrest, and on the next day he was brought, by the constable, before the justice; and, on motion of defendant, the case was continued to the twelfth of June, and on that day again continued to the thirteenth, when the state, by the prosecuting attorney, and defendant in person, and by attorney, appeared, and both parties announcing themselves ready for trial, the justice, after hear-

ing the evidence introduced, etc., found the defendant guilty, as charged, and fined him $10, etc.

Neither the affidavit, nor the warrant on which defendant was arrested, appears in the transcript of the justice; nor was any motion made in the circuit court, by either party, for a rule on the justice to amend his transcript.

Both parties announcing themselves ready for trial, and a jury being impanneled, the state introduced one Stofer, who testified (the bill of exceptions states), that he knew the defendant, and where his saloon was in Little Rock, opposite the Capital hotel. That on Sunday, the fourth day of September, 1878, witness, with a friend, at about 4 o'clock p. m., walked by the saloon, and saw defendant standing at the front door with an apron on, and saw parties in the back part of the saloon playing billiards, the front door being open. That he did not know at that time who the proprietor, or who the owner, of the saloon was; nor who was attending to, or had charge of, the billiard playing. That about a month before, as the result of a public meeting, he had notified several saloon-keepers not to keep open on Sunday; that he had notified this saloon, but not the defendant, who he did not then see there, but his brother John, who was there; and whether John or the defendant kept the saloon, he did not know.

"To the introduction of all and every part of this evidence, and before the same was given, defendant objected, because there was no averment in the complaint, or proceedings in the case, that the alleged violation of Sunday by defendant consisted in keeping open a saloon; nor was there any sufficient complaint in law upon which to try defendant, or upon which to introduce proof; and because no time, place or manner, or means, at or by which Sunday had been violated by defendant, was alleged in any of the proceedings," etc.

But the court overruled these objections, and permitted the witness to testify as above.

On cross-examination, he testified that he was not a witness at the trial before Justice Howe, and did not know what witnesses were examined at that trial, or what they testified to, etc.

This being all the evidence introduced, the defendant moved the following instructions: ·

"1. That at the trial of this case, the state must prove the same identical offense for which the defendant was tried and convicted by the justice below.

"2. That the state must prove that the store kept open was the store of the defendant beyond a reasonable doubt.

"3. That it is no offense to keep open a store merely to air it on Sunday.

"4. That no evidence of keeping open a saloon on Sunday by the defendant is to be considered by the jury in this case, because there are no averments of what the Sabbath-breaking alleged consisted, nor of time or place."

The court refused the first, second and fourth of the instructions so asked; and, of its own motion, charged the jury: "That in the trial of this case before the justice below, it was competent for the state to prove a violation of the Sunday-law by the defendant upon any Sunday within one year previous to June 9, 1879; and if, in this trial, on appeal, the jury were satisfied, beyond a reasonable doubt, that defendant had violated the Sunday-law during the same year, and within a year previous to June 9, 1879, they should convict defendant."

To which defendant excepted.

The motion in arrest of judgment, was on the ground "that the facts stated do not constitute a public offense within the jurisdiction of the court."

The motion for a new trial, was upon the grounds that

the verdict was contrary to law and evidence; that the court erred in permitting any evidence to be introduced, because no offense was charged; and in refusing defendant's first, second and fourth instructions; and in its own charge to the jury.

**I.SABBATH-BREAKING:**

**Keeping open saloons.**

I.  By statute, under the caption, "SABBATH-BREAKING," it is made an offense to keep open, on Sunday, any store, dram-shop or grocery.  *Gantt's Digest, sec. 1618.*

The jury hardly believed that the saloon in question was kept open on the Sunday referred to by the witness, Stofer, for the purpose of airing it.  Persons were collected there playing billiards, and appellant stood at the open front door, with his apron on, business-fashion, and apparently ready to wait on customers.

**Who guilty**

It was not material whether the appellant, or his brother John, was the owner or proprietor of the saloon.  Appellant was there, on the Sabbath in question, seemingly in charge, with a business appearance, and the front door was open. (*Shover v. The State, 10 Ark., 259.*) If he was merely a clerk or servant in the saloon, and was serving in it as such, when the door was open on Sunday, he was a participant in the offense.

**2. Proof of time of offense.**

II.  It was material to prove that the saloon was kept open on some Sabbath-day within twelve months before the commencement of the prosecution, that being the period of limitation, but the state was not confined to any particular Sabbath, in proving the offense within that period. *The Commonwealth v. Harrison, 11 Gray, 308; The People v. Ball, 42 Barbour, 324; The State v. Eskridge, 1 Swan. (Tenn.), 413.*

**3. CRIMINAL PLEADING:**

**None in J.P. court.**

III.  No written information or pleadings shall be required in prosecutions in justices' courts.  *Gantt's Digest, sec. 2039; Watson v. The State, 29 Ark., 299.*

When the warrant of an arrest is issued upon an affidavit

Marre v. The State.

filed before the justice (*Gantt's Digest, sec. 1073*), it is usual and proper for the affidavit to state the nature of the offense. Doubtless in the affidavit filed by the prosecuting attorney in this case, there was a more particular description of the offense than the general charge of Sabbath-breaking, but the affidavit was not included in the transcript sent up to the circuit court on appeal, and appellant thought proper to go to trial there without asking for a rule upon the justice to amend the transcript.

It would be the better practice for the justice to note upon his docket a brief statement of the nature of the offense with which defendant is charged, and for which he is tried, as he is required, by statute, to do of demands in civil suits. (*Gantt's Digest, sec. 3723.*) This the justice would doubtless have done in this case for the protection of defendant had he required it.

IV. Most assuredly should the accused be tried in the circuit court, on appeal, for the same offense for which he was tried, and convicted before the justice.

4. On appeal, same offense be tried.

In this case appellant was tried in the circuit court for keeping a saloon open on Sunday, and he made no attempt to show that he had been tried for a different offense before the justice. He merely asked the witness Stofer if he was present at the trial before the justice, or knew what evidence was introduced there, and he answered in the negative, and appellant called no witness.

The judgment of the court below must be affirmed.