Daniel Lon GRAHAM v. STATE of Arkansas

CR 78-36                                    572 S.W. 2d 385

October 30, 1978

*Harold L. Hall,* for petitioner.

*Bill Clinton,* Atty. Gen., for respondent.

## PER CURIAM

On April 3, 1978, this court granted Daniel Lon Graham's petition for a belated appeal from his conviction, in August, 1970, in the Circuit Court of Prairie County upon a charge of kidnapping for ransom, which was alleged to have occurred on December 24, 1969. The petition had been filed on March 28, 1978, by counsel appointed for petitioner by this court on March 20, 1978, to take appropriate steps to seek a belated appeal for Graham. When we granted the belated appeal, it was ordered that the record be prepared and lodged with this court within 90 days. On September 7, 1978, petitioner filed the present petition, praying that this conviction be vacated and that he be discharged from the life sentence then imposed and relieved from trial on the charge on the ground of double jeopardy. The ground for the petition is that the record in this case has not been prepared and lodged in this court, although more than 90 days have elapsed since April 3, 1978.

In response to Graham's petition, the state alleges that good reason for the delay in preparation of the transcript of the record exists. This response is supported by an affidavit of the Prosecuting Attorney of the Seventeenth Judicial District, of which Prairie County is a part. According to this affidavit, the prosecuting attorney understands that the trial transcript has been lost, or otherwise misplaced, and is unavailable. His investigation reveals that there were between 15 and 25 witnesses who testified in the case, many of whom were from Fayetteville and the general area of Washington County. In his opinion, the reconstruction of a trial transcript would require no less than four weeks of concentrated effort.

Petitioner's prayer that his conviction be vacated is den-

ied. It is the normal burden of an appellant to take appropriate action to supply a transcript of the proceedings at a trial resulting in the judgment from which he appeals. Nothing in the orders of this court, or of the United States District Court for the Eastern District of Arkansas, has, in any way, relieved Graham of this burden. It is unusually appropriate that this appellant have this burden.

The inaction of Graham has made the meeting of his burden more difficult. Graham wrote the clerk of this court on April 9, 1971, requesting a transcript of his trial. This request did not mention an appeal. The clerk of this court responded to this request, advising Graham that counsel is appointed and transcripts furnished only in connection with appeals. He was specifically advised thus:

> If you are requesting an appeal, you should so state, at which time your request for appointment of counsel and transcript will be considered.

It is clear that Graham did nothing to follow up on this request prior to March 30, 1973. Significantly, the action taken then followed his trial and conviction of a crime in which the death penalty was imposed and the reduction of that sentence by this court to life imprisonment on November 20, 1972. See *Graham* v. *State*, 253 Ark. 462, 486 S.W. 2d 678. He then sought a writ of mandamus from this court to the Circuit Court of Prairie County to hold a hearing on a petition for postconviction relief. While he asserted numerous grounds for postconviction relief, which he contended were violations of the due process clause of the United States Constitution, it does not appear that denial of the right to appeal was one of them. This petition was denied because it was defective. Graham renewed his efforts for postconviction relief by a letter to the clerk of this court in June of 1974. It appears that this is the first time that he asserted any unconstitutional denial of his right to appeal. He was directed, on June 25, 1974, to address his petition for a belated appeal to the Circuit Court of Prairie County. On September 16, 1974, he filed a petition for writ of mandamus in this court, seeking to require the Circuit Court of Prairie County to act on his petition, which he alleged had been filed in July, 1974. On May

4, 1973, the Circuit Court of Prairie County had denied a petition by Graham for postconviction relief and referred to previous denials of such relief, one of which was by order entered in that court on May 17, 1971. This court denied Graham's petition for mandamus on December 20, 1974. There was never any appeal taken from any of the orders of the Circuit Court of Prairie County on Graham's petitions for postconviction relief.

It is quite clear that difficulties in now obtaining a transcript of the proceedings in Graham's trial in the Circuit Court of Prairie County are as much attributable to Graham as to anyone else. He was clearly advised more than seven years ago that, if he intended to appeal his conviction in Prairie County, this court would consider his request for a transcript and for appointment of counsel. He did not at that time state that he desired to appeal and his belated and desultory attempts thereafter have certainly contributed to his present difficulties. It is unreasonable to expect that stenographic notes or recordings be preserved for such a long time, when a court reporter has no notice that a transcript may be required.

This court has granted Graham a very belated appeal and has appointed competent counsel for its prosecution. If no stenographic record was made, then Ark. Stat. Ann. § 27-2127.11 (Repl. 1962) governs. It reads:

> Appeals when no stenographic report was made. — In the event no stenographic report of the evidence or proceedings at a hearing or trial was made, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection, for use instead of a stenographic transcript. This statement shall be served on the appellee who may serve objections or propose amendments thereto within 10 days after service upon him. Thereupon the statement, with the objections or proposed amendments, shall be submitted to the trial court for settlement and approval and as settled and approved shall be included by the clerk of the court in the record on appeal.

This statute clearly places the burden of obtaining or reconstructing a record on the appellant. If this statute is inapplicable, there are other avenues for the reconstruction of the record in this case, based to a considerable extent on Ark. Stat. Ann. §§ 27-1750, -1751 (Repl. 1962). The present statutes have not eliminated the bystander's bill of exceptions as a means of presenting petitioner's contentions to this court on appeal. See *Tarkington* v. *State,* 250 Ark. 972, 469 S.W. 2d 93; *Pearson* v. *State,* 119 Ark. 152, 178 S.W. 914; *Bowen* v. *State,* 205 Ark. 380, 168 S.W. 2d 836; *Sneed* v. *State,* 159 Ark. 65, 255 S.W. 895; *Vaughan* v. *State,* 57 Ark. 1, 20 S.W. 588. The matter of reconstruction of the record in this matter cannot be conducted in this court. Appropriate action in this matter should be taken by petitioner in the trial court.

HOWARD, J., dissents.

GEORGE HOWARD, JR., Justice, dissenting. I am compelled to dissent in the action taken by the majority on the petitioner's motion to vacate his conviction and discharge him from the Department of Correction. While I do not agree that his conviction should be vacated, at this time, I do not see any merit or objectivity in the approach taken by the majority in this matter. Consequently, I set out the following in support of my views:

On December 14, 1977, an order was entered by the United States District Court, Eastern District of Arkansas, providing, in relevant part, as follows:

"It is therefore Ordered that the final decision in this case be, and it is hereby, held in abeyance for 120 days from the date of this Memorandum and Order is entered. It is further Ordered that if, during this time, the Arkansas Supreme Court grants the petitioner leave to perfect a direct appeal and provide him with the assistance of counsel, then, in said event, the petitioner's writ of habeas corpus shall be denied. If the Arkansas Supreme Court fails to grant petitioner such leave and assistance within said period, a writ of habeas corpus discharging the petitioner from the aforementioned state court conviction shall issue."

On April 3, 1978, this Court entered the following order, with copies to the trial court, the petitioner, petitioner's attorney,[1] the Prosecuting Attorney, the Circuit Clerk and the Attorney General:

"Motion to file belated appeal is granted; *it is ordered that record be prepared and lodged with this court within 90 days from this date.*" (Emphasis added)

On September 7, 1978, petitioner filed his motion to vacate his conviction and for discharge from the Arkansas Department of Correction before this Court, alleging, among other things, the following:

"That more than ninety days have passed since the order of this Court on April 3, 1978, and the record has not been prepared and lodged in this Court thereby denying Petitioner due process under the Constitutions of the United States and the State of Arkansas."

On September 15, 1978, the State filed its response resisting petitioner's request for a vacation of his conviction and discharge and asserted the following:

"That, there exists good reason for the delay in preparing and lodging with this Court the record from the cause below as set out in the attached affidavit."

To the State's response in support of its alleged justification for the delay in affording a record for petitioner's belated appeal, the State attached an affidavit of the Prosecuting Attorney of the Seventeenth Judicial District providing, in relevant part, as follows:

"Concerning the trial transcript in the above-styled cause, it is my understanding that said transcript has been lost or otherwise misplaced and is unavailable. My investigation reveals there were between fifteen and twenty-five witnesses who testified in this case. Many of

---

[1]Counsel to represent petitioner in this matter was appointed by this Court on March 20, 1978. Appointed counsel filed a petition in behalf of Mr. Graham for a belated appeal on March 28, 1978.

these witnesses were from Fayetteville and the Washington County area of the State of Arkansas. It is also my understanding that some of these witnesses have moved out of the state of Arkansas. To the best of my knowledge there is no list of the witnesses with their addresses available at this time.

"In order to furnish the Court with a trial transcript it will be necessary for one person to interview a sufficient number of persons to ascertain the names and addresses of the persons who testified at the trial. It would then be necessary for the investigator to go to each of these witnesses and take a transcribed statement of their testimony given at the trial. [2] It is further my opinion that if one person were granted the funds and equipment and time necessary to perform this task that it would probably take no less than four (4) weeks to reconstruct a trial transcript."

Today, approximately 280 days since the entry of the order of the United States District Court for the Eastern District of Arkansas, the majority, in its Per Curiam opinion, states the following, in relevant part:

"Petitioner's prayer that his conviction be vacated is denied. *It is the normal burden of an appellant to take appropriate action to supply a transcript of the proceedings at a trial resulting in the judgment from which he appeals. Nothing in the orders of this court, or of the United States District Court for the Eastern District of Arkansas, has, in any way, relieved Graham of this burden.* It is unusually appropriate that this appellant have this burden.

"The inaction of Graham has made the meeting of this burden more difficult. . . .

"It is quite clear that difficulties in now obtaining a transcript of the proceedings in Graham's trial in the Circuit Court of Prairie County are as much attributable to Graham as to anyone else. . . .

---

[2]Petitioner's trial was held August 19, 1970.

> "This court has granted Graham a very belated appeal and has appointed competent counsel for its prosecution. If no stenographic record was made, then Ark. Stat. Ann. § 27-2127.11 (Repl. 1962) governs. . . . This statute clearly places the burden of obtaining or reconstructing a record on the appellant. If this statute is inapplicable, there are other avenues for the reconstruction of the record in this case, . . . "

(Emphasis supplied)

I interpret this Court's order of April 3, 1978, specifying that ". . . it is ordered that the record be prepared and lodged with this Court within 90 days from this date." as not having been directed to petitioner, who is incarcerated in the state penitentiary, but to the State of Arkansas, as it should be under the existing circumstances. Indeed, the posture that I take is not untenable for the Prosecuting Attorney of the Seventeenth Judicial District likewise so interpreted the Court's order. The Prosecuting Attorney's efforts to locate the transcript, as evidenced by his affidavit, and the enumeration of the problems by the Prosecuting Attorney, to be encountered in attempting to reconstruct a record is further supportive of this view.

While the majority reminds the petitioner that the Court granted him "a very belated appeal" and has appointed competent counsel for its prosecution which, I am sure, the petitioner is appreciative and may very well regard this act as a noble gesture on the part of the Court to afford due process and equal protection to petitioner, which each citizen is entitled to irrespective of his social status, it must be recognized, however, that without a transcript or record of the proceedings resulting in petitioner's conviction, the victory realized by petitioner in acquiring "a very belated appeal" may not only be an empty one, but a victory that is completely void of substance or any tangible benefits.

I believe the time has now arrived where no further delay should be tolerated. It must be remembered that we have an issue before us which is basic and central to the concept of due process of law. I would, therefore, give the State a reasonable length of time to make an effort to reconstruct a

record, a period not exceeding 90 days, and upon the State's failure to comply, enter an order vacating the conviction of the petitioner and discharging him.

Inasmuch as it is apparent that this Court's order of April 3, 1978, placed the responsibility on the State to obtain a record, to shift the burden and responsibility, at this late date, to the petitioner, as has been indicated, would further compound now what has the appearance of the denial of due process in the matter involving petitioner's right to an appeal.