Darrell Hickman, Justice. Rex Sutton was convicted of theft by deception and obtaining a signature by deception in violation of Ark. Stat. Ann. §§ 41-2203 and 41-2213 (Repl. 1977), respectively. He was sentenced to one year on the first charge and six months on the second charge, the sentences to be served concurrently. Sutton represents himself on appeal and his argument is that the trial judge made a comment which was prejudicial to his case. In response to a question from the jury foreman who requested further directions, it is alleged that the trial judge said, “In a case like this where there is obvious guilt, a jury has wide latitude . . . . ” That alleged comment is not in the certified record. Even if we accept Sutton’s allegations and proffered “supplemental record”, there was no objection by the experienced trial lawyer representing Sutton; there was no motion for a new trial wherein it might have been proper to offer an alleged tape recording of the court’s comment. There is no compliance with Ark. Stat. Ann. § 27-2127.11 (Repl. 1962) which authorizes settlement of a record that is not stenographically reported. Also, a bystander’s bill of exceptions is a method to properly make a record where none exists. That method was not utilized. See Graham v. State, 264 Ark. 489, 572 S.W. 2d 385 (1978). In other words, we essentially have the appellant’s statement in his brief that the remark was made. Since that remark is not a part of the record, we cannot declare it reversible error, as it would be. We will not presume it was made. Affirmed. Purtle, J., dissents.