Marty CRAFTON *v.* STATE of Arkansas

CR 81-45                                         624 S.W. 2d 440

Supreme Court of Arkansas
*Opinion delivered November 23, 1981*

*Andrew Fulkerson,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. Appellant seeks reversal of a judgment sentencing him as a habitual offender to consecutive terms of 25 years for first degree battery and 10 years for possession of a firearm by a felon. The charges arose from a tavern quarrel with Hugh Jones. Witnesses said appellant drew a pistol, which he and Jones struggled over, and Jones sustained a bullet wound in the leg. Appellant argues six points, but we find no reversible error.

Three days before trial the information was amended to charge the appellant as a habitual offender. Citing *Ellingburg* v. *Lockhart,* 397 F. Supp. 771 (E. D. Ark. 1975), appellant argues the trial court's refusal to strike the amended information was a denial of his constitutional right to adequate notice of the charges against him. The cases are distinguishable. In *Ellingburg,* it was not until the

jury had returned a verdict on the original charge that the defendant learned the information had been amended to include a recidivism charge. This issue was treated by this court in *Finch* v. *State,* 262 Ark. 313, 556 S.W. 2d 434 (1977). There the amended information was submitted on the day of trial and after the jury was seated. Mr. Justice Fogleman stated at 262 Ark. 316, 317:

Appellant contends that the trial court erred in allowing the state to amend its information after the trial had started in order to permit the imposition of more severe punishment on him. Proper amendments of informations have been permitted under Ark. Stat. Ann. § 43-1024 (Repl. 1964) after the jury has been sworn but before the case has been submitted to it, so long as the amendment does not change the nature or degree of the crime charged, if the accused is not surprised. *Washington* v. *State,* 248 Ark. 318, 451 S.W. 2d 449; *Underwood* v. *State,* 205 Ark. 864, 171 S.W. 2d 304; *Johnson* v. *State,* 197 Ark. 1016, 126 S.W. 2d 289; *Ingle* v. *State,* 211 Ark. 39, 198 S.W. 2d 996. See also, *Ridgeway* v. *State,* 251 Ark. 157, 472 S.W. 2d 108.

This amendment did not change either the nature or the degree of the crime. Nor does our habitual criminal act. See *McIlwain* v. *State,* 226 Ark. 818, 294 S.W. 2d 350; *Osborne* v. *State,* 237 Ark. 170, 371 S.W. 2d 518. It simply authorizes a more severe punishment. *Higgins* v. *State,* 235 Ark. 153, 357 S.W. 2d 499. It does not create a distinct additional offense or independent crime but simply affords evidence to increase the punishment and to furnish a guide for the court or jury in fixing the final punishment in event of conviction of the offense charged. See Commentary, Ark. Stat. Ann. § 41-1001, Arkansas Criminal Code; *Hathorne* v. *State,* 459 S.W. 2d 826 (Tex. Cr. App., 1970), cert. den. 402 U.S. 914, 91 S. Ct. 1398, 28 L. Ed. 2d 657; *Morelock* v. *State,* 2 Tenn. Cr. App. 423, 454 S.W. 2d 189; *State* v. *Thompson,* 299 S.W. 2d 468 (Mo., 1957); *Gamron* v. *Jones,* 148 Neb. 645, 28 N.W. 2d 403 (1947); *Ervin* v. *State,* 351 P. 2d 401 (Okla. Crim. App., 1960); *Smith* v. *State,* 227 Ind. 672, 87 N.E. 2d 881 (1949); 5 Wharton's

Criminal Law & Procedure (Anderson) 435, § 2218. It is based upon the theory that one who is a persistent offender warrants an increased punishment for the offense of which he is found guilty, for the protection of the community, because he has not been deterred by previous punishment. See 4 Wharton's Criminal Procedure (12th Ed.) 285, § 631.

No continuance was sought by appellant and nothing prejudicial appears to have been suffered due to the timing of the amended information. We hold that the denial of the motion to strike was not improper.

Appellant argues that the trial court erred in refusing to conduct the jury voir dire in accordance with Ark. Stat. Ann. § 43-1903. But this issue, being raised for the first time on appeal, is not properly before this court. Appellant contends that the objection was preserved below in his "Motion For Individual Sequestered Voir Dire." The motion and supporting argument to the trial court were based on the contention that the accused was entitled under the Sixth Amendment to voir dire the prospective jurors separately and in private. However, there was no mention of § 43-1903 either in substance or by name. Appellant was permitted to individually voir dire the prospective jurors but was not allowed to have them individually sequestered. An objection must be sufficiently specific to apprise the trial court as to the particular error complained of in order to preserve the right to appellate review. A. R. Crim. P., Rule 36.21; Ark. Stat. Ann., Vol. 4A (Repl. 1977); *Rowland* v. *State,* 262 Ark. 783, 561 S.W. 2d 304 (1978); *Pope* v. *State,* 216 Ark. 314, 225 S.W. 2d 8 (1949).

Furthermore, we have no way of determining whether the voir dire proceedings were conducted improperly as the record indicates there was no request that voir dire be reported. Appellant has attempted to remedy the omission by submitting a reconstruction of the voir dire proceedings, based on recollection, pursuant to Rule 6 (d) Ark. Rules of Appellate Proc., Vol. 3A (Repl. 1979). But the rule requires that counsel first submit his own statement of the omitted proceedings to opposing counsel and, if necessary, to the

trial court. It is clear the procedures outlined in Rule 6 (d) are to be pursued in the *trial court* and not in this court on appeal. See *Wicks* v. *State*, 270 Ark. 781, 784, 606 S.W. 2d 366 (1980), where we said:

> [The appellant] has the burden of supplying a transcript of the proceedings below. *Graham* v. *State*, 264 Ark. 489, 572 S.W. 2d 385 (1978). That burden includes responsibility for obtaining a transcript or its reconstruction. *Graham* v. *State*, 264 Ark. 804, 575 S.W. 2d 149 (1979). The correct procedure to obtain what used to be called a bystander's bill of exceptions is specified in detail in Appellate Procedure Rule 6 (d) (1979). The appellant has apparently made no effort to pursue his available remedy and is not entitled to different relief.

Appellant contends jurors Hensley and Yopp should have been excused for cause. For the reasons stated above regarding the omission of the voir dire proceedings we are unable to consider these arguments.

Next, appellant submits that error occurred in the trial court's refusal to dismiss the charge of possession of a firearm by a felon. He argues first, the statute violates the Eighth Amendment protection against cruel and unusual punishment, applicable to the states via the Fourteenth Amendment, in prohibition of punishment of a "status offense;" second, he contends the statute violates the Fifth and Fourteenth Amendments because of vagueness; and finally, it violates the Fifth Amendment protection against double jeopardy.

Appellant's reliance on *Robinson* v. *California,* 370 U.S. 660, reh. den. 371 U.S. 905 (1962), as authority to invalidate the felon in possession statute as a status offense is unfounded. In *Robinson*, the United States Supreme Court struck down a California statute making it a crime to be addicted to narcotics. Unlike our felon in possession statute, the California statute required no act to have been committed, but merely punished the status or condition of being a narcotic addict. We find nothing similarly offensive in our

statute. It does not punish the status of being a felon, rather, it punishes the *act* of carrying a firearm by one who has been convicted of a felony. As to the other parts of the argument, i.e. vagueness and double jeopardy, we can find no objection on these grounds preserved below and consequently, we do not consider them on appeal. Rule 36.21, Rules of Crim. Proc.

As a final point, appellant contends that the overlapping use of prior convictions to enhance the sentences was improper, citing the Kentucky case of *Boulder* v. *Commonwealth*, 610 S.W. 2d 615 (1980). But again, appellant asks us to reverse upon a ground not offered initially to the trial court. Appellant cites us to page 144 of the transcript, where he renewed his motion to strike the habitual offender amendment to the information "as changing the degree of the crime charged" because it increased appellant's exposure from 15 to 40 years on the battery and from 5 to 10 years on the FPF. A general, broadside objection to the instructions was included "for the same reasons." But it is evident that the point urged on appeal is not the same point argued to the trial court and, hence, runs counter to the rule. *Smith* v. *State*, 268 Ark. 282, 595 S.W. 2d 671 (1980); and *Pace* v. *State*, 265 Ark. 712, 580 S.W. 2d 689 (1979).

The judgment is affirmed.