Gerald WILSON *v.* STATE of Arkansas

CR 85-112                                                  692 S.W.2d 620

Supreme Court of Arkansas
Opinion delivered July 15, 1985

*Henry & Mooney*, by: *John R. Henry*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant was convicted in Harrisburg Municipal Court of driving while intoxicated, first offense, pursuant to Ark. Stat. Ann. §§ 75-2501 - 75-2533 (Supp. 1983). He appealed to circuit court where the case was heard de

novo. Immediately prior to trial, the prosecutor was allowed, over appellant's objection, to amend the charge by upgrading the offense to DWI, second offense. The appellant was again convicted. At issue in this case is the propriety of the court's action in allowing the prosecutor to amend the information. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(c) and (4)(b) as this case was certified to us by the Court of Appeals.

■ We have held that "[p]roper amendments of informations have been permitted under Ark. Stat. Ann. § 43-1024 (Repl. 1977) after the jury has been sworn but before the case has been submitted to it, so long as the amendment does not change the nature or degree of the crime charged, if the accused is not surprised," *Crafton* v. *State*, 274 Ark. 319, 624 S.W.2d 440 (1981), *quoting Finch* v. *State*, 262 Ark. 313, 556 S.W.2d 434 (1977). In *Crafton* this court found that an amendment to include a charge against the defendant as an habitual offender, did not change either the nature or the degree of the crime.

■ Similarly, in *State* v. *Brown*, 283 Ark. 304, 675 S.W.2d 822 (1984), we held the trial court erred by refusing to allow the state to amend an information from DWI, fourth offense, to DWI, first offense. We stated:

> The state is entitled to amend an information to conform to the proof when the amendment does not change the nature or degree of the alleged offense . . . Such authorization simplifies procedure and eliminates some technical defenses by which an accused might escape punishment . . . The change sought by the state would not have changed the nature or degree of the offense but would merely have authorized a less severe penalty. (citations omitted).

Here also, the change from first to second offense, DWI, did not change the nature or degree of the offense, but rather authorized a more severe penalty.

■ It has long been the rule that on appeal to circuit court, a defendant can only be tried for the same offense for which he was tried in municipal court, *Marre* v. *State*, 36 Ark. 222 (1880). Here, the appellant is being charged with the same criminal

offense: operating or being in actual physical control of a motor vehicle while intoxicated. By alleging an additional previous offense of the same criminal act, the state is merely subjecting the appellant to a different range of punishment.

As stated in *Crafton*, the amendment is permitted under these circumstances as long as the accused is not surprised. Although the prosecutor did not amend the information until the day of trial, the appellant did not claim surprise, ask the trial judge for a continuance or tender proof of prejudice on appeal. Since the offense charged remains the same, appellant was sufficiently put on notice of the nature of the charge against him. See *Castle* v. *State*, 229 Ark. 478, 316 S.W.2d 701 (1958).

By this opinion we are not holding that the prosecutor is permitted under any circumstances to amend a DWI charge. We recently held in *Peters* v. *State*, 286 Ark. 421, 692 S.W.2d 243 (1985), that the trial court erred when it made a decision out of the hearing of the jury as to the validity of prior convictions on a charge of DWI, fourth offense, a felony. In *Peters*, we discussed *Brown*, supra, in which the state was allowed to amend the information from fourth offense to first offense and stated:

> We would not have permitted an amendment of an information alleging DWI, first offense, to one alleging DWI, fourth offense, because the additional element of three previous convictions, making the offense charged a felony, would constitute a matter on which the accused would be required to prepare for trial.

Here, the elements of the misdemeanor offense, as amended, remained the same. The appellant therefore was not prejudiced by the state's action.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The majority opinion is correct on one point and that is it has long been the rule that a defendant on appeal can only be tried in circuit court for the same offense for which he was tried in municipal court. The appellant here was tried and convicted in the municipal court for first offense DWI. The majority promptly disregards its statement by

allowing the appellant to be tried in circuit court, on appeal from the municipal court, for second offense DWI when he had been tried and convicted only of first offense DWI in the municipal court. If there is no difference in first or second offense why does the statute clearly make them two separate and distinct offenses?

The cases cited in support of amending the information at any time up until the case is submitted to the jury relate to informations filed in circuit court. In such cases there has been no other trial. Perhaps the charge could have been amended in the municipal court to a second offense DWI but to do so on appeal amounts to double jeopardy. In *State* v. *Brown*, 283 Ark. 304, 675 S.W.2d 822 (1984), the charge was amended down, not up as it was here.

In the present case the appellant was tried on the facts presented to a court of competent jurisdiction. He was tried on the same facts in the circuit court. He has been twice placed in jeopardy, for the same offense in violation of the State and Federal Constitutions.

I would reverse and remand for a first offense DWI appeal in the circuit court.