ROBERT J. GLADWIN, Judge
Lamar Daniel Ron Wilson appeals from an order of the Garland County Circuit Court denying his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2017). He claims on appeal that his trial counsel was grossly ineffective, arguing that the circuit court lacked subject-matter jurisdiction and that his trial counsel, by not arguing this point, violated Wilson's due-process rights. We affirm.
I. Procedural History
Wilson was charged with the rape of a nine-year-old. After a jury trial, he was acquitted of rape but convicted of second-degree sexual assault and sexual indecency with a minor after the jury was erroneously instructed on these two charges. Wilson was sentenced to twenty years' imprisonment on the sexual-assault conviction. Because Wilson had been charged only with rape, he filed a motion for new trial, arguing that second-degree sexual assault was not a lesser-included offense of rape. In its response, the State admitted that the sexual-assault charge was not a lesser-included offense of rape but asked that the circuit court enter the jury's determination of guilt on the sexual-indecency charge.
At the hearing on Wilson's motion for new trial, defense counsel announced that an agreement had been reached wherein Wilson pleaded no contest to sexual indecency with a minor, and a plea and waiver was introduced that had been signed by Wilson, his counsel, and the prosecutor. Based on the plea agreement, the circuit court sentenced Wilson to six years' imprisonment, and a sentencing order was filed on October 5, 2015.
On October 8, 2015, Wilson filed a motion to vacate the judgment, arguing that he had never been charged with the offense of sexual indecency with a child and that no amendments to his charge had been made. The circuit court denied Wilson's motion, and Wilson filed a timely notice of appeal. However, Wilson's counsel filed a no-merit brief and motion to withdraw; Wilson did not file pro se points for reversal, and this court granted counsel's motion and affirmed Wilson's conviction. Wilson v. State , 2017 Ark. App. 385, 2017 WL 2683953.
Wilson filed a Rule 37 petition in the circuit court within sixty days of this court's mandate, see Ark. R. Crim. P. 37.2(c)(ii), arguing that his trial counsel was ineffective on six grounds: (1) failing to object to "having the court hold Wilson for any other charge/offense due to the acquittal of the jury during Wilson's jury trial"; (2) failing to investigate jurisdiction;
*309 (3) "violation of the Constitutional Due-Process Clause"; (4) "Judge Hearnsberger's unfairness, Sixth Amend. Violation"; (5) failing to move to withdraw Wilson's plea; and (6) "lack of jurisdiction by State's violation of Due Process."
The circuit court denied the petition without a hearing and entered an order containing specific findings on each ground as alleged in Wilson's petition. First, the court ruled that Wilson had not been acquitted; rather, the jury convicted him of second-degree sexual assault and sexual indecency with a child. Second, the court found that Mr. Adams, defense counsel, had not been ineffective for failing to challenge the circuit court's jurisdiction because the court had proper jurisdiction of the case; moreover, a jurisdictional challenge could have been made at trial or on direct appeal, and one had not been made. Third, the court ruled that there had been no due-process violation because Wilson pleaded nolo contendere to the amended charge of sexual indecency with a child and that he had not raised a due-process argument on appeal. Fourth, the court ruled that Wilson had not been "bullied, pushed, and hoodwinked" into entering his plea; moreover, Wilson had stated in court that he understood what he was doing and was satisfied with Mr. Adams's representation of him. Fifth, Mr. Adams was not ineffective for failing to move to withdraw the plea; Wilson, acting pro se, had unsuccessfully moved to vacate the judgment and did not challenge that ruling on appeal. Sixth, Wilson did not challenge the circuit court's jurisdiction or make a due-process argument on appeal. This appeal timely followed.
II. Standard of Review and Applicable Law
We do not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. Johnson v. State , 2018 Ark. 6, at 2, 534 S.W.3d 143, 146. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that the circuit court made a mistake. Id. "The benchmark for judging a claim of ineffective assistance of counsel must be 'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' Strickland [v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984) ]." Mancia v. State , 2015 Ark. 115, at 4, 459 S.W.3d 259, 264 (citing Henington v. State , 2012 Ark. 181, at 3-4, 403 S.W.3d 55, 58 ). Pursuant to Strickland , we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance of counsel must show that his counsel's performance fell below an objective standard of reasonableness. Id. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id.
Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. Mancia , 2015 Ark. 115, at 4-5, 459 S.W.3d at 264. The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. Mancia , 2015 Ark. 115, at 5, 459 S.W.3d at 264. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Id. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. Id. Additionally, conclusory *310 statements that counsel was ineffective cannot be the basis for postconviction relief. Id.
A person seeking postconviction relief on a claim of ineffective assistance that is based on the failure of counsel to make a motion or objection must show that counsel could have made a successful argument in order to demonstrate the prejudice required under the Strickland test. Breeden v. State , 2014 Ark. 159, at 6-7, 432 S.W.3d 618, 624 (per curiam). Failure to make a meritless objection or motion does not constitute ineffective assistance of counsel. Id. ; Greene v. State , 356 Ark. 59, 70, 146 S.W.3d 871, 880 (2004).
When a petitioner attacks a plea of guilty in a postconviction petition, the only issues considered by this court are whether the petitioner entered the plea knowingly and intelligently, with the advice of competent counsel, and whether the circuit court had subject-matter jurisdiction over the criminal offense to which the defendant pleaded guilty. Zoller v. State , 282 Ark. 380, 669 S.W.2d 434 (1984).
III. Arguments Not Preserved
In his petition below, Wilson argued six numbered grounds as set forth above. On appeal, Wilson's argument is divided into three sections: (1) subject-matter jurisdiction; (2) ineffective-counsel and due-process violations; and (3) conclusion. Because Wilson's argument does not mirror the petition filed below, there are arguments Wilson presents on appeal that were never presented for the circuit court's consideration. It is appellant's obligation to obtain a ruling from the circuit court in order to properly preserve an issue for review. Beshears v. State , 340 Ark. 70, 72, 8 S.W.3d 32, 34 (2000). Thus, Wilson's arguments that "a plea bad in part is bad for the whole," "the rules of new trial do not permit new charges," and "charges cannot be orally amended" are not preserved for appellate review.
IV. Preserved Arguments
With regard to the arguments made on appeal that correlate to the petition denied below, Wilson contends that the record is devoid of a valid charging instrument regarding sexual indecency with a child. Because there was no charging instrument on sexual indecency, Wilson contends that his negotiated plea is invalid because the "State did not acquire proper jurisdiction from pleadings," citing Hall v. State , 326 Ark. 823, 933 S.W.2d 363 (1996) (wherein a properly signed amended information gave jurisdiction to the circuit court).
In an appeal from the denial of a petitioner's habeas corpus petition, the Arkansas Supreme Court stated,
Unquestionably, the appellant here had been correctly charged with murder and the trial court, entering its conviction, clearly had jurisdiction over appellant's person as well as the criminal matter involved. Appellant's actual argument is that the trial court was somehow divested of that jurisdiction upon his requesting, and the court's granting, an erroneous instruction which resulted in his conviction of a different felony from the one charged, viz., hindering apprehension instead of murder. We cannot agree.
As we have already pointed out, the trial court had both personal and subject matter jurisdiction of this case. While the court may have erred at trial by granting appellant's request to instruct the jury on hindering apprehension as a lesser included offense, this error would not take away the court's subject matter jurisdiction. Appellant could have appealed the trial court's ruling to determine *311 whether the hindering apprehension instruction was erroneously given and reversible or whether he invited such error for which he could not complain. See Harris v. State , 295 Ark. 456, 748 S.W.2d 666 (1988). In other words, if the trial court erred in its decision or proceeded irregularly within its assigned jurisdiction, as was the case here, the appellant's remedy was by direct action in the erring court or by appeal.
Birchett v. State , 303 Ark. 220, 221-22, 795 S.W.2d 53, 54 (1990). Based on the reasoning in Birchett , we hold that the circuit court had jurisdiction over Wilson after the circuit court erred by instructing the jury on offenses that were not lesser-included offenses of rape. Because the circuit court had jurisdiction to accept Wilson's plea and to sentence him, his counsel was not ineffective for failing to make a frivolous objection to the court's jurisdiction. E.g. , Cox v. State , 365 Ark. 358, 229 S.W.3d 883 (2006).
Wilson also contends that he was twice convicted for the same offense because his conviction for sexual indecency with a child had been vacated when he pleaded no contest to the same charge; thus, he contends that his plea was a violation of double jeopardy. Hagen v. State , 315 Ark. 20, 864 S.W.2d 856 (1993). The circuit court's order does not address Wilson's double-jeopardy argument because the argument was made in relation to Wilson's contention that his counsel was ineffective for failing to "investigate jurisdiction." The circuit court ruled that it had jurisdiction over Wilson and that Wilson could have raised the issue on direct appeal or at trial and did not. Nonetheless, Wilson's nolo contendere plea to sexual indecency with a child was not a second conviction for the same offense. Wilson's plea occurred after he had filed a motion for a new trial. He then entered his plea to avoid being tried for the greater offense of second-degree sexual assault. By virtue of his plea, he stands convicted of only a single count of sexual misconduct with a child, and he is serving a six-year sentence for only that offense.
Wilson claims that convicting a person for a crime with which he was never charged is a clear violation of the right to due process. Hagen , supra (citing general rule but holding that appellant was, in fact, given adequate notice under the state and federal constitutions). In Wilson v. State , 251 Ark. 900, 475 S.W.2d 543 (1972), the Arkansas Supreme Court held that a defendant seeking postconviction relief may not attack the validity of a guilty plea by arguing that the information charging him with an offense was defective unless it did not sufficiently apprise him of the charges against him.
It is well settled that the State is entitled to amend an information at any time prior to the case being submitted to the jury so long as the amendment does not change the nature or degree of the offense charged or create unfair surprise. Flanagan v. State , 368 Ark. 143, 243 S.W.3d 866 (2006) ; DeAsis v. State , 360 Ark. 286, 200 S.W.3d 911 (2005) ; Stewart v. State , 338 Ark. 608, 999 S.W.2d 684 (1999). In Kelch v. Erwin , 333 Ark. 567, 970 S.W.2d 255 (1998), this court analyzed the issue of whether a trial court properly allowed the State to amend an information to conform to the proof in the case. In ruling that the amendment was proper, this court quoted from Wilson v. State , 286 Ark. 430, 692 S.W.2d 620 (1985) and stated:
The state is entitled to amend an information to conform to the proof when the amendment does not change the nature or degree of the alleged offense.... Such authorization simplifies procedure and eliminates some *312 technical defenses by which an accused might escape punishment.... The change sought by the state would not have changed the nature or degree of the offense but would merely have authorized a less severe penalty.
Id. at 432, 692 S.W.2d at 621 (citations omitted) (quoting State v. Brown , 283 Ark. 304, 306, 675 S.W.2d 822, 824 (1984) ). This court has even allowed an amendment that authorizes a more severe penalty where the appellant was sufficiently apprised of the specific crime charged "to the extent necessary to enable her to prepare her defense, that being all that is required." Kelch , 333 Ark. at 574, 970 S.W.2d at 258 (citing Workman v. State , 267 Ark. 103, 589 S.W.2d 20 (1979) ).
Hill v. State , 370 Ark. 102, 105-06, 257 S.W.3d 534, 537 (2007).
Wilson's due-process argument related to his indictment is without merit. He pled guilty to sexual indecency with a child, an offense of which he was sufficiently apprised. To argue that at the time of his plea agreement the State had not amended the criminal information to include the charge is disingenuous. As argued by the State, because Wilson had been found not guilty of rape, the new trial he sought would have been a trial for second-degree sexual assault. When the circuit court was going to grant the new trial, Wilson agreed to plead no contest to the lesser offense of sexual indecency with a child. The State claims that if the circuit court had ordered a new trial, the State could have amended its information to conform to the proof presented at Wilson's first trial. E.g. , Hill, supra. Again, counsel's failure to make a meritless objection or motion does not constitute ineffective assistance of counsel. Breeden, supra.
Wilson argues that the circuit court erred when it denied his motion for reconsideration of his Rule 37 petition and request for an evidentiary hearing because a hearing is mandatory under the rule. Carter v. State , 342 Ark. 535, 29 S.W.3d 716 (2000) (if a trial court fails to make written findings in accordance with the governing rule of procedure when denying postconviction relief without a hearing, it is reversible error); Ark. R. Crim. P. 37.3(a). Under Rule 37.3, a hearing is not mandatory, but written findings are mandatory when a hearing is not held. Because the circuit court made the required findings, Wilson's argument fails.
Wilson also argues that because the circuit court did not address the merits of his motion for reconsideration, the circuit court "admitted" the merit of his motion. Wilson's citation to Arkansas Rule of Civil Procedure 8 is inapplicable, and his argument is misplaced. Rule 8 guides litigants in the general rules of pleading; circuit courts are not subject to the rule and do not make admissions as discussed in it.
Wilson contends that because the circuit court did not address his argument regarding lack of subject-matter jurisdiction, the circuit court conceded the issue. Again, Wilson's argument here is inapposite because Ark. R. Civ. P. 8 does not apply. He points to his Rule 37 petition and his motion to vacate wherein his subject-matter-jurisdiction argument was made and argues that the circuit court erred in determining that he did not raise the issue regarding the fact that he was not properly charged. Wilson misinterprets the circuit court's finding; the circuit court found that Wilson could have raised the issue on direct appeal but did not. This finding is not in error.
Wilson contends that his counsel's actions fell below the standard demanded in Strickland , supra , because counsel intentionally and knowingly supported the circuit court by maliciously coercing him with *313 false information into a criminal act of fraud against the State to maintain and acquire a fraudulent conviction. Wilson claims that counsel did this by refusing to object to the plea "as without subject-matter jurisdiction." Thus, Wilson claims that this resulted in a due-process violation. Under Breeden , supra , counsel is not required to make a meritless objection or motion. Here, the argument that the circuit court was without subject-matter jurisdiction is negated by Birchett, supra .
V. Conclusion
The circuit court properly denied Wilson's Rule 37 petition. The following colloquy occurred at the hearing on Wilson's motion for new trial:
MR. ADAMS : Judge, in the meantime, we have reached an agreement, if the Court will accept it, to allow the Defendant to enter a plea of guilty to sexual indecency with a child-excuse me-nolo for sexual indecency with a child, six years in the Arkansas Department of Correction, Court costs, DNA fee and registration as a sex offender.
COURT : So, my understanding is, Mr. Wilson, you wish to-rather than have a new trial, you wish to admit you-or plead no contest to the charge of Sexual Indecency with a Child, is that right?
WILSON : No, ma'am. Yes, ma'am.
COURT : All right, I'm looking at a document entitled Plea and Waiver. Have you ever seen this document before?
WILSON : Yes, ma'am.
COURT : Did you read it?
WILSON : Yes, ma'am.
COURT : Did you sign it?
WILSON : Yes, ma'am.
COURT : Did you go over it with Mr. Adams?
WILSON : I did.
COURT : This document sets out the constitutional rights that you give up by pleading guilty or no contest to an offense in this Court. Do you understand those constitutional rights?
WILSON : Yes, ma'am.
COURT : In fact, we had a jury trial in this case so in fact you did go to jury trial at one time in this case, is that right?
WILSON : I did go to jury trial, ma'am.
COURT : All the way through. The jury found you guilty of sexual abuse in the second degree and sexual indecency with a child, is that right?
WILSON : Yes, ma'am.
COURT : So, you understand these constitutional rights because you've exercised these constitutional rights, is that right?
WILSON : Yes, ma'am.
....
COURT : And you understand the rights that you're giving up by pleading guilty or no contest.
WILSON : I do, ma'am.
COURT : You understand that a no-contest plea is exactly the same thing as a guilty plea?
WILSON : I do understand that.
....
COURT : Anyone used any force or threats to get you to do this?
WILSON : No, ma'am.
COURT : I'm looking at a document entitled Plea Agreement Under Arkansas Rules of Criminal Procedure 25. Have you ever seen this document before?
WILSON : Yes, ma'am.
COURT : Did you read it?
WILSON : I did.
COURT : Did you sign it?
*314 WILSON : Yes, ma'am.
COURT : Did you go over it with Mr. Adams?
WILSON : I did.
....
COURT : Other than the promise made by the State in this document to recommend a sentence of six years in the Department of Correction, court costs and DNA fee, other than those promises has anyone made any other promises to you to get you to admit your violation?
WILSON : No, ma'am.
....
COURT : Are you admitting that you committed the offense?
MR. ADAMS : He pleads nolo to that, Judge.
COURT : You admit that the State could prove that you committed the offense.
MR. ADAMS : We believe that the jury verdict proved that.
COURT : Right. Is that right?
WILSON : Yes, ma'am.
....
COURT : Mr. Wilson, are you satisfied with the advice and counsel of Mr. Adams and his office?
WILSON : Yes, ma'am, he's been very effective, yes.
The State correctly points out that a hearing on a Rule 37 petition is not mandatory if the court can rule without a hearing. See Ark. R. Crim. P. 37.3(a). The State contends that motions for reconsideration are not permitted in Rule 37 proceedings unless the court is asked to rule on a claim that it overlooked. Ark. R. Crim. P. 37.2(d). However, Wilson's motion for reconsideration expresses his disagreement with the circuit court's findings. There is no assertion that the court overlooked or omitted any of his claims.
The State challenges Wilson's assertion that his counsel coerced him to enter his plea of no contest because the record as set forth in the above colloquy belies that claim. Wilson stated that he understood his constitutional rights, that he wanted to plead no contest to sexual indecency with a child, and that no one forced him to enter the plea. Wilson signed the plea agreement and stated that he believed the State could prove that he committed sexual indecency with a child and that he was satisfied with his counsel's "very effective" representation of him. We hold that Wilson's counsel's performance did not fall below an objective standard of reasonableness. Strickland, supra .
Affirmed.
Klappenbach and Brown, JJ., agree.