Shauan KILGORE *v.* STATE of Arkansas

CR 93-16                                          852 S.W.2d 810

Supreme Court of Arkansas
Opinion delivered May 17, 1993

*Tim A. Womack, P.A.*, by: *James D. Berry, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Shauan Kilgore, was charged with delivery of crack cocaine. The State also petitioned to revoke a previous suspended sentence for burglary. Kilgore was convicted of the drug charge, and his earlier sentence was revoked. He was sentenced to a total of 55 years imprisonment. He contends the Trial Court erred in refusing his plea of guilty and in denying his motion for continuance. We find no error and affirm.

Kilgore was offered a plea bargain by the prosecutor. The agreement called for a plea of guilty on both the revocation of the

suspended sentence and the drug charge and offered an eleven-year sentence for the delivery offense and a five-year consecutive sentence on the burglary sentence revocation. The criminal trial calendar setting order issued by the Trial Court provided that all plea agreements were to be in writing, signed by all the parties, and filed with the Clerk of the Court no later than September 21, 1992. The order required entry of pleas by September 30, 1992.

A first trial setting for Kilgore was on the petition to revoke, but a continuance was requested by his counsel. It was granted, and the matter was reset for Wednesday August 26, 1992. The matter was not tried on that date as Kilgore expressed a willingness to plead guilty and a plea agreement was signed by all parties. A copy of the agreement was filed September 30, 1992, but was later withdrawn by Kilgore in open court.

The trial calendar dated September 4, 1992, for the October 1992 term showed the drug charge set to be the third case heard on Wednesday, October 14, 1992. An unrelated charge against Kilgore was scheduled as the first case for Monday, October 12, 1992. Following the withdrawal of the plea a second trial calendar, dated October 2, 1992, reflected that the drug charge had moved up on the docket and was set to be heard first on Monday, October 5, 1992. This setting came about as the result of a conversation which took place on October 2, 1992, between trial counsel and the Court. The original setting had changed to October 6, 1992, as cases set for earlier hearings were removed from the docket, but counsel for Kilgore said he had a personal conflict on that day, and when offered the Monday, October 5, trial date, he accepted.

At 4:05 p.m. on October 2 the prosecutor filed an amended information charging Kilgore as an habitual offender with two or more prior felony convictions.

Just prior to the scheduled trial, counsel for Kilgore requested a continuance stating he had no time to subpoena witnesses and make other preparations. As part of the motion for a continuance Kilgore indicated he wished to enter a guilty plea in accordance with the plea agreement and stated that, had he known he could be charged as an habitual offender, he would have entered his plea at the earlier time. The request for continuance was denied and the Court rejected the offer to plead guilty.

## 1. Disallowance of the guilty plea

Kilgore argues that, as he did not know of the amendment of the information until the day of trial, he should have been permitted to enter a plea in accordance with the agreement he had earlier rejected. His unstated premise is that it is unfair to permit an amendment in this fashion because if he had known the State planned to charge him as an habitual offender he would have accepted the prior offer in a timely fashion.

The agreement Kilgore submitted, unlike the earlier one he withdrew, was signed only by him and his counsel, and Kilgore could not bind the Court to a plea agreement not fully executed, *Caldwell* v. *State*, 295 Ark. 149, 747 S.W.2d 99 (1988). He has shown no prejudice resulting from the Court's refusal to accept the plea.

The State may amend an information up to a point after the jury has been sworn but before the case has been submitted to it, as long as the amendment does not change the nature or degree of the crime charged, if the accused is not surprised. *Wilson* v. *State*, 286 Ark. 430, 692 S.W.2d 620 (1985); *Crafton* v. *State*, 274 Ark. 319, 624 S.W.2d 440 (1981).

We have not defined "surprised," but in *Traylor* v. *State*, 304 Ark. 174, 801 S.W.2d 267 (1990), we were confronted with a similar argument. Traylor contended he was prejudiced as the State was allowed to amend on the day of the trial charging him as an habitual offender. He contended that, as he did not fully know the charges against him until the day of the trial, his constitutional rights were violated. We cited *Mann* v. *State*, 291 Ark. 4, 722 S.W.2d 266 (1987), and noted that, as the defendant's attorneys had been given a "rap sheet" showing prior convictions, there was no surprise when the information was amended.

Here there is no indication that either Kilgore or his counsel were unaware of the prior convictions and no assertion of surprise by the nature of the amendment. At most, Kilgore challenges the right of the prosecution to amend, but as stated above, the State has this right absent a showing of a change in the nature or degree of the crime charged. The fact that an amendment authorizes a more severe penalty does not change the nature or degree of the offense. *Wilson* v. *State, supra.* There was no

prohibited change in this amendment and no basis for concluding that Kilgore or his counsel was surprised.

## 2. Denial of continuance

The denial of a motion for a continuance is within the sound discretion of the trial court, and the trial court's ruling will be reversed only if there is an abuse of discretion. *Stone* v. *State*, 290 Ark. 204, 718 S.W.2d 102 (1986); *Clay* v. *State*, 290 Ark. 54, 716 S.W.2d 751 (1986). The burden is on Kilgore to show an abuse of discretion. *Berry* v. *State*, 278 Ark. 578, 647 S.W.2d 453 (1983). He must also demonstrate prejudice before we will consider the Trial Court's denial of a continuance as an abuse of discretion which requires reversal. *Mann* v. *State, supra; Finch* v. *State*, 262 Ark. 313, 556 S.W.2d 434 (1977).

Again, there was no showing that Kilgore's counsel had no knowledge of prior convictions or was surprised when the amended information was filed. There is no showing that the habitual offender amendment would in any way have affected the manner in which Kilgore or his counsel prepared to defend the drug charge or the revocation petition. The amended information did not change either the nature or the degree of the crime charged, and Kilgore has demonstrated no prejudice. We find no abuse of discretion.

Affirmed.