Jeff RICKS *v.* STATE of Arkansas

CR 94-109                                873 S.W.2d 808

Supreme Court of Arkansas
Opinion delivered April 18, 1994
[Rehearing denied May 23, 1994.*]

---

*Newbern, J., not participating.

*Phyllis B. Worley*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Jeff Ricks, raises two issues in this appeal from his conviction on a class A misdemeanor charge of theft by receiving. He challenges the sufficiency of the evidence and questions the trial court's interpretation of Ark. Code Ann. § 5-4-403 (Repl. 1993), the statute governing the imposition of concurrent or consecutive sentences. Neither point has merit, and we affirm the trial court's judgment.

Ricks was charged by information on April 27, 1993, with theft by receiving, a class C felony, in violation of Ark. Code Ann. § 5-36-106(a) and (e)(2) (Repl. 1993), and with being a habitual offender in violation of Ark. Code Ann. § 5-4-501 (Repl. 1993). According to the affidavit for the arrest warrant, Joy Goodman notified the White County Sheriff's Department on April 26, 1993, that Ricks had wanted to trade an RCA color television set, which she believed might have been stolen, for her father's truck. That day, the affidavit noted, Sgt. Kyle Stokes of the sheriff's office examined the television set and determined, by checking the serial number, that it had been stolen from the residence of Mary Lee on April 20, 1993. The information report estimated the value of the set to be $2,500.

At the time of his arrest, on April 26, 1993, Ricks was on parole from the Arkansas Department of Correction ("ADC") for

a previous felony conviction. Fifteen days later, his parole was revoked, and he was transferred to the ADC to serve the balance of his sentence. There he remained until his trial on the theft by receiving charge.

A bench trial was held on September 30, 1993. From photos presented by the state, Ms. Lee identified an RCA television set and a remote control as items that had been taken from her house. She testified that her brother had purchased the set the year before and had paid $600 for it. The defense presented an appraisal from the RCA dealer who had sold the television set to Ms. Lee's brother. In the dealer's opinion, the model, which had been discontinued, was worth $175. On that basis, the trial court reduced the theft-by-receiving charge against Ricks to a class A misdemeanor under Ark. Code Ann. § 5-36-106(e)(3) (Repl. 1993).

The trial court found Ricks guilty of the charge and sentenced him to one year in the county jail, crediting him with fifteen days which he had served between his arrest on April 27, 1993, and his return to the Arkansas Department of Correction on May 11, 1993, on the felony parole revocation based on the arrest. The court ordered that if Ricks were released from the Department of Correction prior to the expiration of his 350 days, he should be delivered into the custody of the White County Detention Center to complete the misdemeanor sentence.

In a motion to correct sentence, the defense contended that, pursuant to Ark. Code Ann. § 5-4-403(b) (Repl. 1993), the misdemeanor sentence should be discharged by the felony sentence and that Ricks should not be required to serve any additional time after his release from the Department of Correction. The trial court denied the motion, and this appeal followed.

## I. Sufficiency of the evidence

We first address Ricks's challenge to the sufficiency of the evidence, as it must be considered prior to a review of any other asserted trial error. *Coleman* v. *State*, 315 Ark. 610, 869 S.W.2d 713 (1994); *Clark* v. *State*, 315 Ark. 602, 870 S.W.2d 372 (1994).

Ricks contends that neither the Arkansas test for substan-

tial evidence as set forth in *Jones* v. *State*, 269 Ark. 119, 589 S.W.2d 748 (1980), nor the federal test as set forth in *Jackson* v. *Virginia*, 443 U.S. 307 (1979), have been met in the present case. The federal standard is of no particular relevance, but this court has often held that, on appeal, the evidence is reviewed in the light most favorable to the appellee (in this instance, the state) and that the judgment will be affirmed if there is any substantial evidence to support the jury's verdict. *Green* v. *State*, 313 Ark. 87, 852 S.W.2d 110 (1993).

Evidence is substantial when it is forceful enough to compel a conclusion one way or the other, beyond suspicion and conjecture. *Owens* v. *State*, 313 Ark. 520, 856 S.W.2d 288 (1993). This court need consider only that testimony which supports the verdict of guilty. *Thomas* v. *State*, 312 Ark. 158, 847 S.W.2d 695 (1993).

The offense of theft by receiving is defined at Ark. Code Ann. § 5-36-106 (Repl. 1993):

> (a) A person commits the offense of theft by receiving if he *receives, retains, or disposes of stolen property of another person, knowing that it was stolen or having good reason to believe it was stolen.*

> (b) For purposes of this section, "receiving" means *acquiring possession, control,* or title or lending on the security of the property.

(Emphasis added.)

According to Ricks, the state failed to prove that he was ever in possession of the television set. He asserts that the only evidence that linked him with the stolen property was the testimony of Joy Goodman, who had previously been convicted of theft of property. Ms. Goodman stated that on April 26, 1993, Ricks came to her father's residence in Judsonia and offered to trade a television set for a 1970s-vintage pickup truck belonging to Ms. Goodman's father. Acting on behalf of her father, who was intoxicated, Ms. Goodman accompanied Ricks to a trailer where the appellant had stored the set in a bathroom. She described the televison as being "cable ready" and appearing to be of greater value than her father's truck. She also saw a disassembled water

bed in the bathroom. Ricks and Ms. Goodman then transported the set to her father's residence. Because Ms. Goodman's father had no cable hookup, Ms. Goodman and Ricks were unable to get a picture when they tested the televison.

Ms. Goodman testified that Ricks spent the night with her niece in one of the rooms in her father's house. The next morning, Ms. Goodman took the remote control to the Auto Zone, a store where her friend, Mary Lee, worked, as Ms. Goodman was aware that Ms. Lee's residence had been burglarized recently. Ms. Lee phoned her mother, who came to the store and, agreeing that the remote control was the one that was stolen, phoned the police.

After giving a statement, Ms. Goodman returned to her father's house. Ricks was still present. Subsequently, a sheriff's deputy arrived, and, Ms. Goodman said, when Ricks saw the patrol car, he "walked to the back of, you know, behind the house and then ran." Ms. Goodman turned the television set over to the Sheriff's Department.

■ On appeal, Ricks objects that the trial court "took Goodman's word that the television got into her home because appellant brought it there to trade it for a truck that she testified was a junker." As this court has long held, however, where witness credibility is involved, wide discretion is accorded the factfinder, who has the opportunity to observe the witnesses. *Gunter* v. *State*, 313 Ark. 504, 857 S.W.2d 156 (1993); *Hollamon* v. *State*, 312 Ark. 48, 846 S.W.2d 663 (1993). Further, in instances where the only issue for determination on appeal is the trial court's assessment of a witness's credibility, we defer to the trial court's factual findings. *Weger* v. *State*, 315 Ark. 555, 869 S.W.2d 688 (1994); *Shaw* v. *State*, 299 Ark. 474, 773 S.W.2d 827 (1989).

The trial court also had testimony before it from Ms. Lee, who identified the television set in question as the one taken from her residence. Moreover, she also stated that a water bed, a jewelry box, and money had been taken in the burglary. Ms. Goodman, as mentioned earlier, testified to having seen a disassembled water bed in Ricks's bathroom when she went with Ricks to pick up the television set.

■ Sergeant Kyle Stokes of the White County Sheriff's

Department testified that on April 26, 1993, he met with Ms. Goodman and Ms. Lee at the Auto Zone in Searcy, where Ms. Lee worked. Ms. Lee had identified an RCA remote control device that Ms. Goodman showed her as one that had recently been stolen from her house. Sergeant Stokes then went to the sheriff's office, where he took a statement from Ms. Goodman. When he arrived at Ms. Goodman's father's house, Sergeant Stokes testified, he saw Ricks "standing at the front portion of the house in the driveway. He said something or mouthed something to Ms. Goodman, turned, saw me, and started walking toward the back of the house." The deputy went into the house, checked the serial number on the television set, and then went outside to locate Ricks. "Approximately fifteen seconds between the time I checked the t.v. and the time I went outside passed," Sergeant Stokes recalled, "and he was nowhere in sight. The backyard was approximately seventy-five yards long, and it was completely mud soaked." A person's flight to avoid arrest can be considered as corroboration of evidence tending to establish his guilt. *Davis* v. *State*, 314 Ark. 257, 863 S.W.2d 259 (1993).

Suffice it to say, there was substantial evidence from which the trial court, as finder of fact, was able to determine that Ricks was guilty of theft by receiving.

## II. Interpretation of Ark. Code Ann. § 5-4-403

The present appeal also questions the trial court's interpretation of Ark. Code Ann. § 5-4-403 (Repl. 1993), as applied to the circumstances of Ricks's sentencing. That statute provides:

(a) When multiple sentences of imprisonment are imposed on a defendant convicted of more than one (1) offense, including an offense for which a previous suspension or probation has been revoked, the sentences shall run concurrently unless the court orders the sentences to run consecutively.

(b) When a sentence of imprisonment is imposed on a defendant who has *previously been sentenced to imprisonment*, whether by a court of this state, a court of another state, or a federal court, the subsequent sentence shall run concurrently with any undischarged portion of the previous sentence unless the court imposing the subsequent sen-

tence orders it to run consecutively with the previous sentence.

(c) The power of the court to order that sentences run consecutively shall be subject to the following limitations:

(1) A sentence of imprisonment for a misdemeanor and a sentence of imprisonment for a felony shall run concurrently, and *both sentences shall be satisfied by service of sentence for a felony*; and

(2) The aggregate of consecutive terms for misdemeanors shall not exceed one (1) year.

(Emphasis added.) Ricks relies on subsections (b) and (c)(1) for his contention that his felony parole-violation sentence should discharge the subsequent misdemeanor. He argues that the sentence imposed by the trial court amounts to a consecutive sentence, with jail-credit time being given for time served in the Department of Correction on the felony parole violation. Assuming this to be the case, he asserts that the misdemeanor sentence would be satisfied, under § 5-4-403(c)(1), by the time served on the felony parole violation.

However, § 5-4-403(b) provides that a subsequent sentence "shall run concurrently with any *undischarged* portion of the previous sentence." The statute says absolutely nothing about the subsequent sentence being discharged by the completion of the earlier sentence when the subsequent sentence extends beyond the earlier sentence. The statute takes as a given the probability that a misdemeanor sentence will be shorter in duration than a felony sentence and thus contemplates that the former's terminal date will fall within the latter's actual span.

As for § 5-4-403(c)(1), that subsection pertains to the power of the court to order consecutive as opposed to concurrent sentences and is inapplicable here. In any event, it, too, is silent on the question of a felony sentence being completed prior to a concurrent misdemeanor sentence. In *Howard* v. *State*, 289 Ark. 587, 715 S.W.2d 440 (1986), we held that, under Ark. Stat. Ann. § 41-903(3) (Repl. 1977), the identical predecessor to § 5-4-403(c)(1), a trial court lacked the authority to impose simultaneously a consecutive misdemeanor theft-by-receiving

sentence upon a felony failure-to-appear sentence. Nothing in the *Howard* decision, however, affects the authority of a trial court to require a defendant to serve an entire misdemeanor sentence when he or she is already serving a sentence for a prior, unrelated felony.

In the present case, Ricks's suspended sentence had already been revoked when he was sentenced on the misdemeanor theft-by-receiving charge. There is, therefore, nothing inconsistent with the intent of Ark. Code Ann. § 5-4-403 in the trial court's decision to order Ricks to be remanded to the custody of the White County authorities to serve the rest of his misdemeanor sentence upon the completion of his felony term at the Department of Correction.

Affirmed.