John E. SAUERWIN, Jr. *v.* STATE of Arkansas

CR 05-278                                           214 S.W.3d 266

Supreme Court of Arkansas
Opinion delivered September 29, 2005

_William R. Simpson, Jr._, Public Defender, by: _Clint Miller_, Deputy Public Defender, for appellant.

_Mike Beebe_, Att'y Gen., by: _Karen Virginia Wallace_, Ass't Att'y Gen., and _Maggie C.B. Smith_, Law Student Admitted to Practice Pursuant to Rule XV(E)(1)(b) of the Rules Governing Admission to the Bar under supervision of _Darnisa Evans Johnson_, Deputy Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant John E. Sauerwin Jr. appeals the jury verdict and order of the Pulaski County Circuit Court convicting him of capital murder and sentencing him to life imprisonment without parole. On appeal, he argues that the trial court erred in denying his objection to the testimony of Dr. Daniel Konzelmann (1) based upon his constitutional right to confront the witnesses against him and (2) as hearsay. We have jurisdiction of this appeal pursuant to Ark. Sup. Ct. R. 1-2(a)(1). We find no error and affirm.

On November 22, 2004, Appellant was convicted of capital murder for the shooting death of Danny Strange. The shooting occurred on February 14, 2004, outside of Clara's Lounge in North Little Rock. Prior to the shooting, Appellant, his ex-wife, the victim, and several others were together at the bar. Later, after all the others had left, Appellant approached Strange in the parking lot. Prior to approaching Strange's car, Appellant retrieved a loaded SKS semi-automatic rifle from the trunk of his car. When Appellant reached Strange's vehicle, he claims that Strange leaned over as if reaching for a gun. At that time Appellant repeatedly shot Strange.

The only aspect of trial that is relevant to the current appeal is the testimony of Dr. Daniel Konzelmann. Dr. Konzelmann is an associate medical examiner at the Arkansas State Crime Laboratory in Little Rock. At trial, he was qualified as an expert and gave testimony on Strange's death. Dr. Konzelmann testified that another medical examiner, Dr. William Sturner, had performed the

autopsy; however, Dr. Sturner is now retired. Dr. Konzelmann explained that he had since assumed Dr. Sturner's cases for testimony in court. Dr. Konzelmann stated that he himself had reviewed Dr. Sturner's autopsy report, as well as any photos involved, in preparation for the trial. During his testimony, Dr. Konzelmann referred to the report while explaining the wounds and injuries, as well as to the multitude of photos taken of the victim's body.

At trial, Appellant repeatedly objected to Dr. Konzelmann's testimony, claiming a violation of his right to confront the witnesses against him and that the testimony was hearsay. The trial court overruled all of these objections. Appellant was found guilty of capital murder and sentenced to life imprisonment without parole. This appeal followed.

Appellant raises two points for reversal. First, Appellant argues that the trial court erred in denying his objections to Dr. Konzelmann's testimony under the Confrontation Clause of Sixth Amendment. Second, Appellant claims that the trial court erred in denying his hearsay objections to Dr. Konzelmann's testimony. Because both of these points are inherently intertwined and rest on similar arguments, they can be examined together. The Appellant's bottom line is that he was denied his right to confront the witnesses against him because Dr. Konzelmann's testimony consisted of hearsay in that he relied upon an autopsy report prepared by another medical examiner.

During the trial below, Appellant raised the following objections to Dr. Konzelmann's testimony: that it was inadmissible hearsay; that it violated his constitutional rights of confrontation and due process; and that it was inadmissible expert testimony under Ark. R. Evid. 703. Specifically, Appellant's Rule 703 objection was premised on his belief that the rule refers to treatises or learned works that the expert might read to help form an opinion, not actual works done by someone else. On appeal, Appellant maintains his arguments pertaining to the Confrontation Clause and to Rule 703. He also asserts that out-of-court statements must fall within a firmly rooted hearsay exception, such as the business-records exception or the public-records exception, in order for the expert to rely on the autopsy report. Furthermore, he asserts that the State never established that the autopsy report was duly attested to pursuant to Ark. Code Ann. § 12-12-313(a) (Repl. 2003). However, the record reflects that Appellant's objection to Dr. Konzelmann's testimony did not include these latter two arguments.

This court has repeatedly held that appellants are precluded from raising arguments on appeal that were not first brought to the attention of the trial court. *See, e.g., Flanery v. State*, 362 Ark. 311, 208 S.W.3d 187 (2005); *Phillips v. State*, 361 Ark. 1, 203 S.W.3d 630 (2005); *Marta v. State*, 336 Ark. 67, 983 S.W.2d 924 (1999). Thus, Appellant is bound by the scope and nature of the arguments made at trial. *Woolbright v. State*, 357 Ark. 63, 160 S.W.3d 315 (2004). Because his objections below did not raise arguments relating to the business-records and public-records exceptions to hearsay, nor to section 12-12-313(a), he is barred from raising those issues on appeal. Accordingly, we will confine our analysis to the issue raised below that is pursued on appeal, namely that Dr. Konzelmann's testimony was improper under Rule 703.

The admissibility of evidence rests in the broad discretion of the trial court. *Dednam v. State*, 360 Ark. 240, 200 S.W.3d 875 (2005); *Scott v. State*, 318 Ark 747, 888 S.W.2d 628 (1994). We will not reverse a trial court's ruling on the admissibility of expert testimony or on a hearsay question unless the appellant can show an abuse of that court's discretion. *Id.* To qualify as an abuse of discretion, the trial court must have acted improvidently, thoughtlessly, or without due consideration. *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004). Additionally, this court will not reverse an evidentiary ruling absent a showing of prejudice. *Anderson v. State*, 354 Ark. 102, 118 S.W.2d 574 (2003). With this standard in mind, we now review the issues before us.

Rule 703 governs the basis of opinion testimony by experts and provides:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

This court has observed that Rule 703 allows "an expert [to] render an opinion based on facts and data otherwise inadmissible, including hearsay, as long as they are of a type reasonably relied upon by experts in the field." *Goff v. State*, 329 Ark. 513, 521, 953 S.W.2d 38, 42 (1997). Furthermore, when a statement, such as expert testimony, "is admitted for a legitimate, non-hearsay purpose, that is, not to prove

the truth of the assertions therein, the statement is not hearsay under the traditional rules of evidence and the non-hearsay aspect raises no confrontation-clause concerns." *Dednam*, 360 Ark. at 248, 200 S.W.3d at 880. Lastly, the appellant must demonstrate that he has been prejudiced, beyond the bare assertion of his right to confront the witness, by the denial of cross-examination or that such request would have availed him anything. *Marta*, 336 Ark. 67, 983 S.W.2d 924.

The present case is factually similar to *Goff*, 329 Ark. 513, 953 S.W.2d 38. There, the appellant argued that it was objectionable hearsay to allow a DNA expert's testimony when she did not actually perform the tests. This court pointed out that the expert testified that she independently reviewed the results and followed standard protocol in her DNA analysis. Consequently, this court held that the trial court did not abuse its discretion in ruling against the hearsay objection.

Here, Appellant objected to the expert testimony of Dr. Konzelmann because he did not examine the victim's body and, instead, used an autopsy report prepared by another. Dr. Konzelmann, like the DNA expert in *Goff*, was qualified as an expert and testified as to a report formulated by another. This use of reports, such as an autopsy report, during an expert medical examiner's testimony is common and standard protocol.

Dr. Konzelmann testified that in preparing for the trial he reviewed Dr. Sturner's findings in the autopsy report and also reviewed the relevant photos. While it is true that Dr. Konzelmann referred to the report during his testimony, much of his testimony involved the explanation and analysis of the photos of the victim submitted into evidence. It should be noted that the autopsy report was never admitted into evidence, and was used solely by Dr. Konzelmann in the course of his testimony.

Appellant claims that Dr. Konzelmann's testimony merely acted as a conduit for otherwise inadmissible hearsay and denied Appellant the right to confront Dr. Sturner because Dr. Konzelmann directly referred to what Dr. Sturner had written. Specifically, when asked to give his expert opinion, based upon his reading of Dr. Sturner's report, Dr. Konzelmann replied: "The manner of death is listed homicide." Nevertheless, this statement was not a mere recitation of the autopsy report, but a reflection of what the report listed in combination with his expert opinion. Dr. Konzelmann's entire testimony was not a reading of the report, but was an expert analysis and opinion based upon his review of the report as well as the photos. This type of expert testimony and

reliance upon autopsy reports is in line with the purposes of Rule 703. For the above reasons, it is clear that the trial court did not abuse its discretion in allowing the expert testimony.

Additionally, we find persuasive the ruling by the Arizona Supreme Court in *State v. Rogovich*, 188 Ariz. 38, 932 P.2d 794 (1997), which presented an almost identical fact pattern and argument as Appellant is making here. There, the appellant argued that the trial court erred when allowing a medical examiner to testify in place of another who was no longer on staff at the medical examiner's office at the time of trial. Relying on Ariz. R. Evid 703, which is identical to our rule, the court reasoned that the rule does not require "that the facts or data used as a basis for an opinion be generated by a qualified, testifying expert." *Id.* at 41, 932 P.2d at 797. More so, the court explained that the doctor's reliance on another doctor's report cannot be seriously disputed because the purpose of Rule 703 is to allow a testifying expert to reach and express an opinion in the courtroom in the same manner as would occur in a laboratory. *Id.*

The most telling comparison that can be made to *Rogovich* is that court's finding that "the defendant's confrontation right extends to the testifying expert witness, not to those who do not testify but whose findings or research merely form the basis for the witness's testimony." *Id.* at 42, 932 P.2d at 798. In the present case, Appellant not only was able to cross-examine Dr. Konzelmann, he did so and extensively inquired into the doctor's analysis. There is nothing to indicate that Appellant's right to confront the witnesses against him was violated, nor that the testimony of Dr. Konzelmann was hearsay.

■■ Accordingly, the trial court did not abuse its discretion in denying Appellant's objections to Dr. Konzelmann's testimony. Furthermore, at no point has Appellant shown prejudice. It was not contested below that the victim's death was anything other than a homicide, but rather whether Appellant had shot the victim in self-defense. Thus, there has been no indication that the trial court's decision to allow Dr. Konzelmann's testimony resulted in prejudice.

Because Appellant received a sentence of life imprisonment without parole, the record in this case has been reviewed pursuant to Ark. Sup. Ct. R. 4-3(h) for adverse rulings objected to by him but not argued on appeal. No reversible errors were found.

The judgment is affirmed.